DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CENTRAL MORTGAGE COMPANY,         )<br>                                                                )<br>       **Plaintiff,**                                      )<br>                                                                )<br>       v.                                                     )<br>                                                                )<br>**STEFANIE ZOE CROSIER a/k/a**                 )<br>**STEPHANIE ZOE CROSIER f/k/a**               )<br>**STEFANIE Z. FISK, and**                         )<br>**VIRGIN ISLANDS ECONOMIC**                    )<br>**AUTHORITY/GOVERNMENT**                      )<br>**DEVELOPMENT BANK,**                              )<br>                                                                )<br>       **Defendants.**                                    )<br>_____)  | Civil Action No. 2014-0097 |

**Attorneys:**
**Johanna Harrington, Esq.,**
St. Thomas, U.S.V.I.
**Ryan C. Meade, Esq.,**
Miami, FL
       *For Plaintiff*

**Donovan M. Hamm, Jr., Esq.,**
St. Croix, U.S.V.I.
       *For Defendant Crosier*

**Henry C. Smock, Esq.,**
**Vonetta Christine Norman, Esq.,**
St. Thomas, U.S.V.I.
       *For Defendant V.I. Economic Development*
       *Authority/Government Development Bank*

## **MEMORANDUM OPINION**

**Lewis, Chief Judge**

      THIS MATTER comes before the Court on the "Motion for Summary Judgment and Order of Foreclosure" filed by Plaintiff, Central Mortgage Company ("Central Mortgage") on January 14, 2016 against Defendants Stefanie Zoe Crosier a/k/a Stephanie Zoe Crosier f/k/a Stefanie Z. Fisk ("Crosier") and Virgin Islands Economic Development Authority/Government Development

Bank ("EDA/GDB"). (Dkt. No. 30). EDA/GDB filed a "Notice of No Opposition" to the Motion on April 7, 2016 (Dkt. No. 38), and Crosier filed a "Notice of No Response to Motion for Summary Judgment" on April 21, 2016 (Dkt. No. 40). For the reasons discussed below, the Court will grant Central Mortgage's Motion for Summary Judgment.

## I. BACKGROUND

On November 19, 2014, Central Mortgage filed a Complaint in this debt and foreclosure action against Crosier, EDA/GDB, Unknown Tenant in Possession 1, and Unknown Tenant in Possession 2. (Dkt. No. 1). In the Complaint, Central Mortgage asserted that Crosier was the owner of record to real property ("the Property"), *id.* ¶ 4, described in the Quit Claim Deed as:

> Plot 14 of Estate Tipperary, East End Quarter "A", St. Croix, U.S. Virgin Islands, consisting of 0.658 U.S. acre, more or less, as shown on Drawing No. 2249, dated September 20, 1967.

(Dkt. No. 30-1). The Complaint alleges that, on November 2, 2009, Crosier executed and delivered a Note in the amount of $200,000.00, together with interest at the annual rate of 5.375%, and a Mortgage securing payment of said Note to the "Payee named thereon," Emery Federal Credit Union ("Emery"). (Dkt. No. 1, ¶ 7; Dkt. No. 1-1). The Note and Mortgage were subsequently assigned to Central Mortgage, which owns and/or holds the Note and Mortgage and is entitled to enforce both documents as the holder of an instrument. *Id.* ¶¶ 8-9.

Central Mortgage also named VI Economic Development Authority/Government Development Bank as a Defendant because, upon information and belief, it may hold some interest in the Property due to a $310,000.00 mortgage on the Property given by SWJ Corporation d/b/a Schooner Bay Market Place in favor of EDA/GDB, dated and recorded on September 22, 2011, as amended by Amendment to Second Priority Mortgage to correct the name of the mortgagor to

Stephanie Zoe Crosier f/k/a Stefanie Z. Fisk, dated May 28, 2013. *Id.* ¶ 5.[1] Also named as Defendants were Unknown Tenant in Possession 1 and Unknown Tenant in Possession 2 in the event that there was a tenant (or tenants) residing in the Property with an unrecorded leasehold. *Id.* ¶ 6.

The Complaint goes on to say that Crosier defaulted under the terms and conditions of the Note and Mortgage by failing to make the payment due on November 1, 2013 and all subsequent payments. *Id*. ¶ 10. Central Mortgage elected to accelerate the loan, and the entire unpaid principal sum with unpaid accrued interest and late charges amounting to $187,840.73 became immediately due and payable. *Id.* ¶ 11. Central Mortgage asks that judgment include all unpaid principal and interest due and payable, plus interest accruing thereafter at the legal rate until judgment is satisfied; foreclosure of the Property and an order that it be sold in satisfaction of Crosier's indebtedness; a determination of the priority of liens; a deficiency judgment for any amount that may remain due on the judgment; and costs and fees incurred in collecting the debt. *Id*. at 4.

EDA/GDB was served on December 15, 2014 (Dkt. No. 11) and Crosier was served on January 21, 2015 (Dkt. No. 9). EDA/GDB filed an Answer on December 23, 2014 (Dkt. No. 8), and on June 5, 2015 it moved to amend its Answer to add a Crossclaim against Crosier. (Dkt. No. 14). The Court granted the Motion (Dkt. No. 15) and EDA/GDB filed an Amended Answer with Crossclaim. (Dkt. No. 17). Crosier filed an Answer to the Complaint on April 17, 2015 (Dkt. No. 12) and an Answer to EDA/GDB's Amended Answer and Crossclaim on August 10, 2015, which

---

[1] The Amendment to Second Priority Mortgage states that, on September 22, 2011, SWJ Corporation d/b/a Schooner Bay Market Place, executed a promissory note in the amount of $310,000.00 in favor of EDA through its division of the Government Development Bank; and that on the same date, Crosier executed a Second Priority Mortgage securing the Note, which erroneously named SWJ Corporation d/b/a Schooner Bay Market Place as the mortgagor. The Amendment corrected the Second Priority Mortgage to show Crosier as the Mortgagor instead of SWJ Corporation. (Dkt. No. 30-6).

included a "Counter-Cross Claim" against EDA/GDB. (Dkt. No. 19). Also on August 10, 2015, Central Mortgage voluntarily dismissed, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Defendants Unknown Tenant in Possession 1 and Unknown Tenant in Possession 2. (Dkt. No. 21). On August 31, 2015, EDA/GDB filed an Answer to Crosier's "Counter-Cross Claim." (Dkt. No. 23).

On January 14, 2016, Central Mortgage filed the instant Motion for Summary Judgment, which included a Memorandum of Law as well as an Affidavit of Indebtedness (Dkt. Nos. 30-7, 30-8) and supporting documentation. In its Memorandum, Central Mortgage states that the attached documents show that Crosier holds title to the Property by virtue of a Quitclaim Deed; that she executed the Note to Emery in which she promised to pay the principal sum of $200,000.00, with interest at the rate of 5.375% per annum in monthly installments of $1,119.94; and that repayment of the loan was secured by the Mortgage on the Property, which she gave to the mortgagee, Mortgage Electronic Registration System ("MERS"), as nominee for Emery. (Dkt. No. 30 at 2-3). The Note was endorsed by Emery to Flagstar Bank, FSB, which subsequently endorsed the Note to "blank" or holder. The Mortgage was assigned to Central Mortgage, which is a holder of the Note and Mortgage and is entitled to enforce those instruments. *Id.* at 3-4.

The Memorandum states further that EDA/GDB is the mortgagee of a Second Priority Mortgage dated September 22, 2011, amended in May 2013, in the principal amount of $310,000.00, given by Crosier that further encumbers the Property. *Id.* at 4. The Memorandum states that Crosier defaulted under the terms and conditions of the Note and Mortgage by failing to make the November 1, 2013 payment and every subsequent payment; that notice of default was sent to Crosier; and to date the default has not been cured. *Id*. at 4-5. The Memorandum sets forth the amounts due and owing to Central Mortgage as of January 19, 2016, totaling $230,142.60, with $27.66 in per diem interest accruing on the principal unless there is an interest change set forth in the Note. *Id.* at 5. Citing the Title Report, Central Mortgage asserts that its Mortgage is a

first priority lien against the Property and EDA/GDB's Mortgage is a second priority lien. *Id.*; Dkt. No. 30-10.

Central Mortgage argues that summary judgment against Crosier is appropriate because no genuine issue of material fact exists regarding: the execution and delivery of the Note and Mortgage by Crosier to the payee; her default under the terms and conditions of both documents on November 1, 2013; Central Mortgage's status as holder of the Note by virtue of the endorsements on the Note, and owner of the Mortgage by virtue of the assignment from MERS as nominee for the original lender, Emery; and its entitlement to enforce those instruments. *Id*. at 7-9. To support these assertions, Central Mortgage points to documents attached to the Motion for Summary Judgment.

In addition, Central Mortgage contends that it is entitled to summary judgment against EDA/GDB because no genuine issue of material fact exists that its Mortgage lien is superior to EDA/GDB's mortgage lien, given that the Virgin Islands is a race notice jurisdiction and its Mortgage was recorded almost two years before EDA/GDB's Mortgage. *Id.* at 8, 10.

In support of its Motion, Central Mortgage filed an Affidavit of Indebtedness, signed by Kyle R. Loukota, an Assistant Vice President of Central Mortgage, and supporting documents. (Dkt. Nos. 30-7, 30-8). Mr. Loukota explained that Central Mortgage maintains records for the loan in its capacity as the lender, and he is familiar with the types of records maintained in connection with the loan; that the information provided in his affidavit is taken from Central Mortgage's business records; and that he has personal knowledge of how Central Mortgage creates those records. (Dkt. No. 30-7, ¶¶ 1-3). He averred that Crosier executed and delivered the Note to the payee; the Note was secured by a Mortgage on the Property, which was assigned to Central Mortgage in September 2014; Central Mortgage owns and holds the Note and Mortgage; and Crosier defaulted on those instruments by failing to make the payment due on November 1, 2013

and all subsequent payments. *Id.* ¶¶ 4-6. The Affidavit sets forth the amounts due and owing through January 19, 2016: $187,840.73 in unpaid principal balance; interest from October 1, 2013 through January 19, 2016 of $23,262.06; late charges of $168.00; tax payments of $4,025.60; hazard and flood insurance payments of $16,552.56; and property inspection and preservation fees of $1,793.50. An escrow balance of $2,493.45 and tax refund of $1,006.40 are owed to Crosier. Accordingly, the total amount due to Central Mortgage is $230,142.60. *Id.* ¶ 8. Mr. Loukota asserted that interest accrues at the per diem rate of $27.66. *Id.* He also stated that Central Mortgage has retained the law firm of Quintairos, Prieto, Wood & Boyer, P.A. to prosecute the foreclosure action, and that the firm would submit its request for attorney's fees and costs in this matter. *Id.* ¶ 9.

Three weeks after Central Mortgage filed its Motion for Summary Judgment, EDA/GDB filed a motion to join Wallace Phaire ("Phaire") as a party to its Crossclaim against Crosier, asserting that the Court "cannot accord complete relief to the EDA/GBD without joining Phaire as a defendant to its cross-claim because he is personally liable and jointly responsible for the debt that is the subject of the EDA/GDB's cross-claim." (Dkt. No. 32 at 1). EDA/GDB explains that SWJ Corporation d/b/a Schooner Bay Market Place obtained a loan from the Virgin Islands Economic Development Authority and executed a promissory note in favor of the EDA through the GDB evidencing the debt in the principal amount of $310,000.00. As collateral security for the loan, Crosier executed a Second Priority Mortgage on the Property on September 22, 2011 and, to further secure the loan, Crosier signed a Personal Guaranty personally guaranteeing SWJ's loan with EDA/GDB. *Id.* at 1-2. That loan was also secured by the personal guarantee of Phaire. *Id.* at 2. SWJ has not paid in accordance with the loan agreement, note or mortgage and, by the terms of the Personal Guaranty, Phaire is personally liable for the total due to EDA/GDB, along with Crosier. *Id.;* Dkt. No. 32-1. The Court granted the motion for joinder (Dkt. No. 33) and EDA/GDB

filed a Second Amended Answer to Central Mortgage's Complaint which joined Phaire as a Third-Party Defendant. (Dkt. No. 34). Although a summons was issued as to Phaire (Dkt. No. 36), the docket does not show that he has been served. Crosier filed an Answer to the Crossclaims contained in EDA/GDB's Second Amended Answer. (Dkt. No. 35).

On April 7, 2016, EDA/GDB filed a "Notice of No Opposition," notifying the Court and the parties that "it does not oppose Plaintiff Central Mortgage Company's Motion for Summary Judgment and Order of Foreclosure filed on January 14, 2016." (Dkt. No. 38). Also on April 7, EDA/GDB filed an Answer to Crosier's "Counter-Cross Claim." (Dkt. No. 39). Finally, on April 21, 2016, Crosier filed a "Notice of No Response to Motion for Summary Judgment," in which she informed the Court that she "will not be filing a Response to the Motion for Summary Judgment filed by Central Mortgage Company. Undersigned counsel represents to the Court that [Crosier] has been fully informed regarding the consequences of this decision." (Dkt. No. 40).

## II. APPLICABLE LEGAL PRINCIPLES

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*, 2015 U.S. App. LEXIS 10662, at *10 (3d Cir. June 24, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c).

7

In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1993) (internal quotation marks omitted)).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d 173, 182 (3d Cir. 2009) (citations omitted).

In order to "prevail on a foreclosure claim, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Anthony v. FirstBank Virgin Islands,* 2013 WL 211707, at *5, 58 V.I. 224 (V.I. 2013) (quoting *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract). "'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for

8

summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

### III.  ANALYSIS

Central Mortgage has submitted a copy of the Note, dated November 2, 2009, executed by Crosier, in which Crosier promised to pay Emery the principal sum of $200,000.00 together with interest at a rate of 5.375% per year. (Dkt. No. 1-1). Central Mortgage also submitted a copy of the Mortgage, dated November 2, 2009, executed by Crosier, to secure payment on the Note. (Dkt. No. 1-2). Based on the foregoing, Central Mortgage has shown that Crosier executed the Note and Mortgage. Accordingly, there is no genuine dispute of material fact as to whether Crosier executed these documents, and Central Mortgage has satisfied the first requirement to succeed on a debt and foreclosure claim in the Virgin Islands.

Central Mortgage has also provided evidence that Crosier is in default on the Note and Mortgage for failing to make payments due under those documents, and that it may foreclose on the Property. Central Mortgage sent a letter dated December 16, 2013 to Crosier in which it informed her that her loan was in default; that the total amount needed to cure was $3,875.54; and that failure to cure may result in acceleration of the loan and foreclosure sale of the Property. (Dkt. No. 30-9).

The Note provides that "[i]f I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." (Dkt. No. 1-2, ¶ 6(C)). The Mortgage provides that, in the event of default, the lender shall give notice to Crosier specifying, *inter alia*, that "failure to cure the default may result in acceleration of the sums secured by this Security Instrument and foreclosure and sale

9

of the Property." (Dkt. No. 1-3, ¶ 22). In addition, Central Mortgage has shown that it is the holder of the Note by virtue of the endorsements on the Note (Dkt. No. 1-1 at 5, 6, showing endorsement by Emery to Flagstar, and Flagstar to "blank" or holder), and that it owns the Mortgage by virtue of the assignment to it from MERS, as nominee for the original lender, Emery. (Dkt. No. 30-4). Central Mortgage has thus satisfied the second and third requirements for a debt and foreclosure claim.

Further, Central Mortgage has proved the amount of damages due and owing by Crosier as a result of her default on the Note and Mortgage. It has provided an Affidavit of Indebtedness, along with requisite documentation, showing how it arrived at the $230,142.60 total indebtedness through January 19, 2016, with per diem interest of $27.66 accruing until the date of Judgment. (Dkt. Nos. 30-7, 30-8).

With regard to the priority of liens on the Property, Central Mortgage has shown that its Mortgage lien dated November 2, 2009 was recorded on November 6, 2009. (Dkt. No. 30-3). Central Mortgage has also shown that the mortgage lien against the Property by SWJ Corporation d/b/a Schooner Bay Market Place—entitled "Second Priority Mortgage"—was dated and recorded on September 22, 2011, and an Amendment to the Second Priority Mortgage, dated May 23, 2013, was recorded on May 29, 2013. (Dkt. Nos. 30-5, 30-6).

Generally speaking, the Virgin Islands is a race notice jurisdiction. *Brodhurst v. Frazier*, 2012 WL 8123137, at *4 (V.I. Sept. 12, 2012); 28 V.I.C. § 124. A race-notice statute is defined as a "recording law providing that the person who records first, without notice of prior unrecorded claims, has priority." Black's Law Dictionary (10th ed. 2014); *see Chase Manhattan Bank, N.A. v. Miller*, 39 V.I. 123, 130-31, 1998 WL 667790, at *5 (V.I. Terr. Ct. 1998) (stating that 28 V.I.C. § 124, applies "when one party records a mortgage lien without notice of a previous unrecorded lien."); *Moco Investments, Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010) (citing *Cox*

*v. RKA Corp.*, 753 A.2d 1112, 1117 (N.J. 2000), which, in turn, describes New Jersey as a race notice jurisdiction "which means that as between two competing parties, the interest of the party who first records the instrument will prevail so long as that party had no actual knowledge of the other party's previously-acquired interest.")

Here, it is undisputed that Central Mortgage recorded its Mortgage lien against the Property almost two years before the Second Priority Mortgage against the Property was signed and recorded. There is no evidence on record that the Second Priority Mortgage may have been in existence, but unrecorded, prior to the time when Central Mortgage recorded its lien, or that Central Mortgage may have had notice of such an unrecorded lien. Further, having been served with a copy of the Motion for Summary Judgment that sets forth Central Mortgage's claim to lien priority, EDA/GDB has not disputed Central Mortgage's claim to first priority mortgage status.

The Court finds that this evidence is sufficient to shift the burden to Crosier and EDA/GDB to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [its] favor" regarding Central Mortgage's debt and foreclosure causes of action. *Hart v. Electronic Arts,* 717 F.3d 141, 148 (3d Cir. 2013). Both Crosier and EDA/GDB filed Notices stating that they were not opposing Central Mortgage's Motion for Summary Judgment. (Dkt. Nos. 38, 40).

In view of the foregoing, the Court finds that Crosier has not demonstrated that there is a genuine issue of material fact regarding her liability on Central Mortgage's debt and foreclosure causes of action. The Court also finds that EDA/GDB has not demonstrated that there is a genuine issue of material fact regarding the first priority status of Central Mortgage's lien. Because Central Mortgage has demonstrated that it has satisfied the requirements necessary to prevail on its debt and foreclosure causes of action under Virgin Islands law, *see Thompson,* 2009 WL 4730784, at *3, summary judgment is appropriate.

## IV.  CONCLUSION

Central Mortgage has satisfied the requirements necessary for summary judgment against Defendants Stefanie Zoe Crosier a/k/a Stephanie Zoe Crosier f/k/a Stefanie Z. Fisk ("Crosier") and Virgin Islands Economic Development Authority/Government Development Bank. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 30) on the debt and foreclosure causes of action in its Complaint will be granted.[2]

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 12, 2016                                         _____/s/_____
                                                           WILMA A. LEWIS
                                                           Chief Judge

---

[2] Neither EDA/GDB nor Crosier have filed dispositive motions or otherwise sought to dispose of their Crossclaim or "Counter-Cross Claim," respectively. Accordingly, the resolution of Central Mortgage's Motion for Summary Judgment does not close this case.